IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL DEAN, | | |
| Plaintiff, | No. CIV S-11-1037 FCD DAD (TEMP) PS | |
| vs. | | |
| SPRINGLEAF FINANCIAL SERVICES, INC., | ORDER AND | |
| Defendant. | FINDINGS AND RECOMMENDATIONS | |
| _____/ | | |

Defendant's motion to dismiss and to declare plaintiff a vexatious litigant came on regularly for hearing on July 22, 2011. Plaintiff Michael Dean, who is proceeding pro se, appeared on his own behalf. Attorney Austin Kenney appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, the undersigned will recommend that defendant's motion to dismiss be granted.

In this action, plaintiff alleges state law claims arising out of charges that were incurred in connection with his residential mortgage and a sale under a deed of trust. Defendant moves to moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Although the court

/////

finds that defendant's motion is well taken, more fundamentally, this court lacks jurisdiction to proceed on plaintiff's claims.

Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003). See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Generally, original federal subject matter jurisdiction may be premised on two grounds: (1) federal question jurisdiction, or (2) diversity jurisdiction. District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009). District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

By order filed April 29, 2011, plaintiff was previously advised of the deficiencies in his complaint and advised of the requirement that any amended complaint he elected to file

1 must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Plaintiff's
2 amended complaint fails to cure this deficiency. Only state law claims are pled in the amended
3 complaint and those claims are ambiguous inasmuch as they appear to be employment claims
4 where there is no allegation of an employment relationship between plaintiff and defendant. The
5 first amended complaint does not cure the deficiencies evident in plaintiff's pleadings and
6 plaintiff proffers no argument or evidence in the opposition to the motion to dismiss that would
7 suggest plaintiff can cure the jurisdictional defect. Because it appears amendment would be
8 futile, the complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

9       As noted above, defendant has also moved to have plaintiff declared a vexatious
10 litigant. The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate
11 the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate
12 circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990) (discussing
13 requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring
14 a litigant to seek permission from the court prior to filing any future suits). See also Molski v.
15 Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007). Local Rule 151(b) provides:
16 "The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to
17 vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the
18 Court may order the giving of security, bond, or undertaking, although the power of the court
19 shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences
20 with § 391. A vexatious litigant is, inter alia, a person acting pro per who repeatedly files
21 unmeritorious motions, pleadings, or other papers or engages in other tactics that are frivolous or
22 solely intended to cause unnecessary delay. California Code Civil Procedure § 391(b)(3). Under
23 subsection (b)(4) a vexatious litigant is also a person acting in propria persona, who has
24 previously been declared to be a vexatious litigant by a state court in any action based upon
25 substantially similar facts, transaction, or occurrence.
26 /////

Pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate or District Judge prior to filing a complaint, can be appropriate in certain occasions but "should rarely be filed." DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir.1990). See also Molski, 500 F.3d at 1057. The court in DeLong articulated that the following four conditions must be met before the court enter such an order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored. Id. at 1147-48. See also Molski, 500 F.3d at 1057-58.

Plaintiff has previously filed three state court actions, all involving the same claims. On March 10, 2011, the Sacramento County Superior Court declared plaintiff a vexatious litigant. Plaintiff also has filed a Chapter 13 bankruptcy. On April 18, 2011, plaintiff filed the instant action. Plaintiff has also filed two other lawsuits against defendant Springleaf Financial Services in the Eastern District subsequent to his filing of the instant action: Case No. 11-1192 KJM CMK (TEMP) PS and Case No. 11-1758 JAM KJN PS. In those two actions, plaintiff's pleadings are virtually identical to those filed in the instant action.

It appears that plaintiff's conduct is bordering on vexatious. However, given the lack of prior notice, the court will at this time decline to enter a vexatious litigant order. Plaintiff was cautioned at the hearing on this matter, and is again cautioned by this written order, that his conduct may transgress the vexatious litigant provisions and that the continued filing of frivolous, unmeritorious, and duplicative pleadings may result in limitations being imposed on his future filings and a vexatious litigant order being imposed on plaintiff.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to declare plaintiff a vexatious litigant is denied without prejudice; and

/////

IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for lack of subject matter jurisdiction; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

JMM
dean1037.oah.dad